UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| TODD WILLIAM BARR, | |
| Petitioner, | |
| v. | No. 1:23-CV-00034-H |
| DIRECTOR, TDCJ-CID, | |
| Respondent. | |

## OPINION AND ORDER

Petitioner Todd William Barr, a self-represented state prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his arson conviction and 40-year sentence out of Taylor County. He asserts that he is actually innocent, that he received ineffective assistance of trial and appellate counsel, and that the State engaged in prosecutorial misconduct during its closing argument. Dkt. No. 1.

Respondent filed an answer with copies of Petitioner's relevant state-court records. Dkt. Nos. 9, 10. Respondent argues that Petitioner's actual-innocence claim is not cognizable here, that Petitioner's prosecutorial misconduct claim and part of his ineffective-assistance claims are unexhausted and procedurally defaulted, and that his claims otherwise lack merit. Dkt. No. 10. Petitioner replied. Dkt. No. 17-1.

As explained below, Petitioner's actual-innocence claim is not viable as a freestanding ground for relief, and in any event, he fails to present a credible showing of actual innocence. Moreover, Petitioner otherwise fails to show cause or prejudice to excuse his failure to properly exhaust the majority of his claims, which are now procedurally barred. Otherwise, the Court finds that Petitioner has failed to overcome the difficult, deferential standard of 28 U.S.C. § 2254(d). Thus, the petition must be denied and dismissed with prejudice.

1.  **Background**

Petitioner challenges his state-court conviction and prison sentence out of the 42nd District Court of Taylor County, Texas. In cause number 27680-A, styled *State of Texas v. Todd William Barr*, Petitioner was charged by indictment with three counts of arson enhanced with one prior felony conviction. Dkt. No. 9-1 at 16–17. Petitioner pled not guilty and elected to proceed with a jury trial. *See id* at 37. After the close of evidence but before the jury was charged, the State abandoned Counts Two and Three and proceeded only on Count One. Dkt. No. 9-14 at 29. The jury found him guilty. *Id.* at 76. Petitioner pled true to the enhancement, and after hearing additional evidence, the jury sentenced him to 40 years in prison with a $5,000 fine. Dkt. No. 9-15 at 45; Dkt. No. 9-1 at 36.

Petitioner appealed, and the Eleventh Court of Appeals affirmed his conviction. Dkt. No. 9-4. He filed a petition for discretionary review (PDR), but it was refused by the Texas Court of Criminal Appeals (TCCA).

Petitioner then filed his first state habeas application, asserting eight grounds for relief. Dkt. No. 9-17. The TCCA determined that most of Petitioner's claims lacked merit, but it remanded the writ back to the trial court for additional evidence or findings on three of Petitioner's ineffective-assistance-of-counsel claims. Dkt. No. 9-18.

In response to the TCCA's remand, the trial court obtained affidavits from Petitioner's trial and appellate counsel. Dkt. No. 9-22 at 11–16. Based on counsels' affidavits, the trial court determined that neither attorney's performance was deficient, so it recommended that the TCCA deny the application. *Id.* at 10. Before ruling on the application, the TCCA noted that the record appeared to be missing page 5 of Petitioner's memorandum and the trial court's findings, if any, as to Petitioner's fourth, fifth, sixth, seventh, or eighth grounds.[1] The TCCA

---

[1] The trial court made findings on Petitioner's first three grounds for relief before forwarding the writ to the TCCA. Dkt. No. 9-17 at 73–74.

ordered the district clerk to either forward these documents or certify that they were not part of the record. Dkt. No. 9-23. The district clerk complied and forwarded the missing memorandum page with a few other miscellaneous documents from the trial court's records. Dkt. No. 9-24. Then, the trial court entered supplemental findings of fact and conclusions of law addressing each of Petitioner's original claims more fully, including those that the TCCA had already determined lacked merit. Dkt. No. 9-25 at 5–13.

Meanwhile. after the TCCA's limited remand of Petitioner's three ineffective-assistance claims, and before the trial court entered its additional findings, Petitioner filed a motion to amend his state habeas application to add a ninth claim—actual innocence. Dkt. No. 9-20. In support of his motion to amend and his newly asserted actual-innocence claim, Petitioner submitted a one-paragraph, unsworn declaration from his codefendant, Tyler Lee, stating that Petitioner "had no knowledge of the events occurring that day nor did he participate in starting the fire." *Id.* at 8. The trial court did not address Petitioner's motion to amend or his proposed new actual-innocence claim. Dkt. No. 9-25 at 5–13. The TCCA ultimately denied Petitioner's habeas application without written order on the findings of the trial court without a hearing and on the court's independent review of the record. Dkt. No. 9-26.

Petitioner then filed a second state habeas application asserting only his actual-innocence claim. Dkt. No. 9-27. He attached the same one-page statement from Tyler Lee as well as a new, longer, and more detailed declaration from Lee. *Id.* at 67, 69–71. The trial court certified that there were not any controverted, previously unresolved facts material to the legality of Petitioner's confinement, and there appeared to be no reason that Petitioner's subsequent claim and factual allegations could not have been raised in his first application. Dkt. No. 9-28. The

TCCA dismissed the application without written order as a subsequent application under Tex. Code Crim. Proc. Art 11.07 § 4(a)–(c). Dkt. No. 9-29.

Petitioner then timely filed this federal petition. Dkt. No. 1. Petitioner raises the following grounds for relief:

1. He is actually innocent based on the statements of his codefendant, Tyler Lee;

2. He received ineffective assistance of trial counsel when his attorney failed to investigate material evidence, an alibi witness, and factual witnesses;

3. The State engaged in prosecutorial misconduct when it vouched for the truthfulness of the accomplice witness and injected facts into its closing argument that were not contained in the testimony presented at trial; and

4. He received ineffective assistance of appellate counsel when his attorney raised only sufficiency of the evidence even through there were more plausible arguments.

Dkt. Nos. 1.

Respondent argues that the Court cannot properly review Petitioner's freestanding actual-innocence claim under Section 2254 because of longstanding Fifth Circuit precedent. Moreover, Respondent contends that Petitioner wholly failed to exhaust his prosecutorial misconduct claim and partially failed to exhaust his ineffective-assistance-of-counsel claims, which are now procedurally barred from review. Finally, Respondent contends that Petitioner's claims otherwise fail to overcome the deferential standard imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

In reply, Petitioner focuses on the somewhat convoluted procedural path of his state habeas application, insisting that he properly raised his actual-innocence claim in his original proceeding, but the trial court overlooked it. He asserts that he fairly presented his actual-innocence claim to the state habeas court by moving to amend before his claims were forwarded back to the TCCA for disposition. And he claims that he only filed his second habeas

application, with a second, more detailed declaration from Lee, after he realized that the state habeas court had ignored his actual-innocence claim during his first habeas proceeding.

Next, Petitioner does not necessarily dispute that he failed to exhaust some of his ineffective-assistance claims, but he contends that "[e]verything, factually, in those sections is contained in the state habeas court record." Dkt. No. 17-1 at 15. He insists that the record shows that his trial counsel's performance was deficient and that he was prejudiced as a result. Likewise, he repeats his claim that his appellate counsel was deficient for failing to raise errors that were preserved by objection. And he asserts that he raised his prosecutorial misconduct argument in his state habeas application, but he admits that "[t]here were undertones of an 'abuse of discretion' argument concerning the trial court allowing the improper argument." Dkt. No. 17-1 at 16. Finally, Petitioner concludes that "[t]he state-court decision, considering [his] actual innocence claim, runs contrary to facts presented to the state court; the decision to deny relief without considering those facts, i.e., to remain silent violates clearly established federal law."

2.  **Legal Standard**

Section 2254 provides federal courts with a limited, but important opportunity to review a state prisoner's conviction and sentence. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011). This statute, as amended by AEDPA, creates a "highly deferential standard for evaluating state-court rulings, . . . which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam) (internal quotation marks omitted).

The basic structure of the federal habeas statute is "designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." *Richter*, 562 U.S. at 103. First, the statute requires that a habeas petitioner exhaust his claims in state court. 28 U.S.C. § 2254(b). If the state court dismisses the claim on procedural grounds, then the

claim is barred from federal review unless the petitioner shows cause and prejudice. *Richter*, 562 U.S. at 103. And if the state court denies the claim on the merits, then AEDPA's relitigation bar applies. *Lucio v. Lumpkin*, 987 F.3d 451, 464–65 (5th Cir. 2021).

### A.   Exhaustion and Procedural Default

Courts may not grant habeas relief unless the petitioner first exhausts all available state remedies. 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). Although unexhausted claims prevent courts from granting relief, courts may deny a petition on the merits despite the petitioner's failure to exhaust the state remedies. 28 U.S.C. § 2254(b)(2).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998), which in Texas is the TCCA. *Richardson v. Procunier*, 762 F.2d 429, 431–32 (5th Cir. 1985). More than mere presentation of claims to the high court is required. Raising a claim "in a procedural context in which its merits will not be considered" does not constitute "fair presentation"; thus, it cannot satisfy the exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). To present claims to the TCCA, a petitioner must pursue his claims through direct appeal and a PDR or through a state habeas application. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).

Additionally, if a petitioner presents new legal theories or factual claims in his federal habeas petition, then he has not met the exhaustion requirement. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citing *Anderson v. Harless*, 459 U.S. 4, 6–7 (1982)). "It is not enough

that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Harless*, 459 U.S. at 6 (internal citations omitted).

In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, rather than procedural. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997)). In Texas writ jurisprudence, a "denial" signifies that the state high court "addressed and rejected the merits of a particular claim," but a "dismissal" means that the court "declined to consider the claim for reasons unrelated to the claim's merits." *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997); *Barrientes v. Johnson*, 221 F.3d 741, 780 (5th Cir. 2000).

Along with the exhaustion requirement, the doctrine of procedural default provides "[a] distinct but related limit on the scope of federal habeas review." *Nobles*, 127 F.3d at 420. Federal habeas courts are barred from reviewing a question of federal law decided by a state court "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment," whether the ground is substantive or procedural. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). In Texas, the high court's dismissal of a habeas application as subsequent provides an adequate and independent state ground, barring federal review. *See Nobles*, 127 F.3d at 423.

"[A] habeas petitioner who has failed to properly present his federal constitutional claims to the state courts can still be considered to have exhausted his state remedies if the state courts are no longer open to his claim because of a procedural bar." *Busby v. Dretke*, 359 F.3d 708, 724 (5th Cir. 2004). But "the same procedural bar that satisfies the exhaustion requirement at the same time provides an adequate and independent state procedural ground to support the state judgment and thus prevents federal habeas corpus review of the defaulted

claim." *Id.* A petitioner may overcome this bar only if he can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

But if a federal claim was fairly presented to the state court, then the federal habeas court cannot assume that the state court overlooked the claim. *Johnson v. (Tara) Williams*, 568 U.S. 289, 298 (2013). Instead, the federal court must presume that the state court adjudicated the federal claim on the merits, and thus the relitigation bar of Section 2254(d) applies. *Lucio*, 987 F.3d at 464–65 (citing *(Tara) Williams*, 568 U.S. at 298).

### B.     AEDPA's Relitigation Bar

Once a state court has rejected a claim on the merits, a federal court may grant relief on that claim only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). And "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

A state-court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby*, 359 F.3d at 713. A decision constitutes an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also Pierre v. Vannoy*, 891 F.3d 224, 227 (5th Cir. 2018) (explaining

that a petitioner's lack of "Supreme Court precedent to support" a ground for habeas relief "ends [his] case" as to that ground).

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Federal habeas relief is precluded even when the state court's factual determination is debatable. *Id.* at 303. State-court factual determinations are entitled to a "presumption of correctness" that a petitioner may rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This "deference extends not only to express findings of fact, but to the implicit findings of the state court." *Ford v. Davis*, 910 F.3d 232, 234–35 (5th Cir. 2018).

The focus of federal review under Section 2254(d) "should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle." *Neal v. Puckett*, 286 F.3d 230, 246 (2002). State courts need not provide reasons for their decisions, and even summary denials of relief are entitled to substantial deference. *Richter*, 562 U.S. at 100–01.

Of course, when the state high court "explains its decision on the merits in a reasoned opinion," then the federal court's review is straightforward—it "simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018). But when reviewing a summary denial, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Id.* If the lower court's rationale is reasonable, the federal court must "presume that the unexplained decision adopted the same reasoning." *Id.* This presumption may be rebutted, however, by evidence that the summary decision "relied or most likely did rely on different grounds." *Id.* at 125–26. And when the lower state court decision is

unreasonable, then it is more likely that the state high court's single-word decision rests on alternative grounds. *Id.* at 132.

In short, a reviewing court cannot "overlook[] arguments that would otherwise justify the state court's result." *Richter*, 562 U.S. at 102. A federal habeas court "must determine what arguments or theories supported, or . . . could have supported, the state court's decision" before considering "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent" with Supreme Court precedent. *Id.* "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Moreover, "federal habeas relief does not lie for errors of state law," and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991); *West v. Johnson,* 92 F.3d 1385, 1404 (5th Cir. 1996). AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Federal habeas review is reserved only as a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 102–03. This standard is intentionally "difficult to meet." *Id.*

Finally, federal habeas review is limited "to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). In short, to overcome AEDPA's highly deferential, difficult standard, a petitioner "must show, based on the state-court record alone, that any argument or theory the state habeas court could

have relied on to deny . . . relief was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans v. Davis*, 875 F.3d 210, 217 (5th Cir. 2017).

3.  **Analysis**

The Court thoroughly examined Petitioner's pleadings, Respondent's answer, the relevant state court records, and the applicable law. The Court finds that an evidentiary hearing is not necessary to resolve the instant petition. *See Young v. Herring*, 938 F.2d 543, 560 n.12 (5th Cir. 1991) ("[A] petitioner need not receive an evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction."). As explained below and based on the facts and law set forth in Respondent's answer, the Court finds Petitioner is not entitled to federal habeas relief.

> A. **Petitioner's actual-innocence claim is not viable as either a freestanding ground for relief or as a gateway to excuse other procedural bars.**

"The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review." *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases). However, a credible claim of actual innocence may serve as a gateway to overcome impediments such as procedural default or the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

This rule, also known as the "fundamental miscarriage of justice exception," is based on equitable principles to ensure that "constitutional errors do not result in the incarceration of innocent persons." *Id.* at 392 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). Importantly, innocence here refers to factual innocence and not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

"The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror

would have found the defendant guilty." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citing *Schlup v. Delo*, 513 U.S. at 329). The Supreme Court has emphasized that this exception applies to a very narrow category of cases. *McQuiggin*, 569 U.S. at 394–95. To present a credible claim of actual innocence, a petitioner must present new evidence that was unavailable at the time of trial, based on which it is more likely than not that no reasonable juror would have convicted the petitioner. *See Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (explaining that, to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial).

Here, it is well established that Petitioner's actual-innocence claim is not cognizable as a freestanding ground for relief. But in any event, because Petitioner failed to meet the demanding standard to present a credible showing of actual innocence, his claim also fails to present a viable gateway to overcome the procedural bars that apply to many of his other claims. At most, Petitioner argues that the outcome of his trial could have been different if Lee testified consistent with his affidavit. But *Schlup* requires more. Presented with the contradictory testimony of Plaintiff's two codefendants, a reasonable finder of fact would be free to believe either side. Petitioner has not made the required showing that no reasonable juror would have found him guilty.

      **B.**    **Petitioner failed to exhaust his prosecutorial misconduct claim and most of his ineffective-assistance claims, and those claims are now procedurally barred.**

Petitioner failed to exhaust his prosecutorial misconduct claim and most of his ineffective-assistance claims. First, although Petitioner complained about the prosecutor's improper jury argument in his state habeas application, he did so only under a theory of trial-court error. In other words, Petitioner complained only that the trial court erred in permitting the improper jury argument, not that the prosecutor engaged in misconduct. Thus, the factual

basis of his claim may have been before the state habeas court, but he did not fairly present the legal basis of his claim to the state court.

Then, while Petitioner raised several ineffective-assistance-of-counsel (IAC) claims in his state habeas application, he bases his federal IAC claims on almost entirely different factual allegations. Long established Fifth Circuit precedent mandates that courts treat each factually distinct IAC claim as a separate claim for purposes of an exhaustion analysis. *Wilder v. Cockrell*, 274 F.3d 255, 261 (5th Cir. 2001). Here, Petitioner asserts that he received ineffective assistance of trial counsel (IATC) when his lawyer failed to:

(1) object to the admission of the unauthenticated, cropped surveillance video from Allsup's,

(2) investigate the existence of potentially exculpatory surveillance video from the 7-Eleven across the street from Allsup's,

(3) independently investigate the phone records instead of relying on the prosecutor's disclosures,

(4) impeach the testimony of Petitioner's codefendant Kory Roberts with his prior inconsistent statements about the number of times he picked up and dropped off Petitioner and the inconsistent report of Agent Valdez about the events immediately preceding Petitioner's arrest,

(5) effectively prepare for his cross-examination of Roberts so he could expose Roberts' lies and inconsistencies,

(6) depose Roberts before trial, and

(7) investigate Petitioner's alibi witness, Donna Doyle, until a few days before trial.

Dkt. No. 1-2.

Of these claims, only two are similar to claims he raised in his state habeas application—his Allsup's video claim and his alibi witness claim. And of those, only the alibi-witness claim has the same factual basis as his state-court claim. In other words, only his alibi-witness claim is fully exhausted. At best, Petitioner's IAC claim concerning the Allsup's video is only partially exhausted. In his state habeas application, Petitioner complained that his counsel failed to

object to the Allsup's video because it was not properly authenticated. Here, he complains that the video was objectionable both because it was unauthenticated and because it was "cropped," so the jury did not see the full picture. *See* Dkt. No. 1-2 at 8. But in any event, Petitioner's other IATC claims, numbered (2) through (6) above, are raised for the first time in this federal habeas petition. As a result, most of Petitioner's IATC claims are unexhausted and procedurally barred.

Likewise, Petitioner attempts to base his ineffective-assistance-of-appellate-counsel (IAAC) claims on somewhat different facts. In both his state and federal habeas cases, Petitioner alleges that his appellate counsel was ineffective for disregarding "more plausible arguments" and raising only sufficiency of the evidence. *See* Dkt. Nos. 1 at 7; 9-17 at 45, 51. In his state application, Petitioner argues that his appellate lawyer should have challenged whether the accomplice-witness testimony was properly corroborated and whether the trial court erred in permitting the improper jury argument. Dkt. No. 9-17 at 45, 51. His federal claim focuses on the same issues, but he shifts the factual bases, adding allegations that he did not present to the state court. Dkt. No. 1-2 at 17–18. Specifically, he adds that his appellate counsel should have challenged the credibility of the accomplice-witness and that the "prosecutor outright lied" in closing argument. *Id.* at 18. Again, to the extent that the factual bases of his IAAC claims were not fairly presented to the state court, they are unexhausted and procedurally barred.

Petitioner does not necessarily dispute that he failed to raise these claims in his first state habeas application. Instead, he argues that the factual bases for his claims are apparent in the record, and he made at least similar or related legal arguments to give the state court an opportunity to address his concerns. But even if the state court had all the facts necessary to support the federal claim or it had the opportunity to consider a somewhat similar legal argument, that is not enough to satisfy the exhaustion requirement. *Harless*, 459 U.S. at 6.

Thus, the Court finds that Petitioner's prosecutorial misconduct claim and most of his ineffective-assistance-of-counsel claims are unexhausted. And because Texas's abuse-of-the-writ doctrine would prevent him from returning to state court to exhaust his claims at this juncture, his claims are procedurally barred.

### C. Petitioner has not overcome AEDPA's relitigation bar on his exhausted claims.

Petitioner did fairly present some of his IAC claims to the state habeas court, and the TCCA rejected those claims based on the findings of the trial court and its own independent review. Petitioner has not shown that the TCCA's decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

The well-known standard applicable to IAC claims is articulated in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Under the two-pronged *Strickland* test, a petitioner must show that counsel's performance was both deficient and prejudicial. *Id.* at 687. An attorney's performance was deficient if the attorney made errors so serious that the attorney was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution. *Id.* That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the profession.

A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689. A strong presumption exists "that trial counsel rendered adequate assistance and that the challenged conduct was reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*, 466 U.S. at 694).

Additionally, a petitioner must show that counsel's deficient performance prejudiced the defense. To establish this prong, a petitioner must show that counsel's errors were so serious as

to deprive petitioner of a fair trial. *Strickland*, 466 U.S. at 687. Specifically, to prove prejudice, a petitioner must show "(1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different . . . and (2) counsel's deficient performance rendered the trial fundamentally unfair." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). This is a heavy burden that requires a "substantial," and not just a "conceivable," likelihood of a different result. *Richter*, 562 U.S. at 112; *see also Pinholster*, 563 U.S. at 189.

In the context of Section 2254(d), the deferential standard that must be given to counsel's representation must also be considered in tandem with the deference that must be accorded state-court decisions, which has been called "doubly" deferential. *Richter*, 562 U.S. at 105. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Additionally, if a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Strickland*, 466 U.S. at 697.

Here, the state habeas court considered the affidavits of Petitioner's trial and appellate counsel and the trial records and concluded that the attorneys' performance was neither deficient nor prejudicial. Specifically, the state trial court found that trial counsel's failure to object to the Allsup's video was a reasonable strategic decision because the video implicated only Petitioner's codefendant and not Petitioner. Dkt. No. 9-25 at 7–8. Moreover, the trial court determined that any objection to the authentication of the video would have been futile because the testimony of Petitioner's codefendant—identifying himself as the person on the

video purchasing gasoline—was sufficient to authenticate the video. *Id.* So, the court concluded that trial counsel's failure to object to the video was not deficient, and that Petitioner was not prejudiced by his attorney's failure to object. *Id.* Likewise, the trial court found that trial counsel's failure to investigate Petitioner's alibi witness until three days before trial was not deficient or prejudicial because Petitioner failed to show what an earlier investigation would have revealed that could have changed the result of the case. *Id.* at 12. Moreover, the court found that counsel's statement describing his prior unsuccessful attempts to contact the witness was credible and reasonable. *Id.* Finally, the court concluded that, given the witness's alibi testimony at trial, Petitioner had failed to demonstrate that he was prejudiced by counsel's delay in contacting the witness. *Id.* at 13.

The trial court also determined that Petitioner's appellate counsel's performance was not deficient. *Id.* at 6, 8–11. First the court found that appellate counsel fully litigated the sufficiency of the corroboration testimony in his broader sufficiency-of-the-evidence argument, and there is no indication that attempting to raise the argument under a different heading would have changed the result. *Id.* at 6. Then, the court made more detailed findings that the prosecutor's closing argument was proper, and that appellate counsel was not deficient for failing to raise a frivolous issue on appeal. Moreover, the court concluded that, in light of the other evidence presented at trial, there is no reasonable probability that any error in the closing argument would have been found harmful or resulted in a new trial.

The state habeas court reasonably concluded that Petitioner failed to demonstrate that his attorneys' performance was deficient or that he suffered any harm as a result. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). And he has failed to overcome the difficult, doubly deferential standard required by Section 2254(d). Thus, he is not entitled to federal habeas relief on his IAC claims.

4. **Conclusion**

For the reasons discussed above and based on the facts and law set forth in Respondent's answer, the Court denies Petitioner's claims and dismisses the petition with prejudice.

Additionally, pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would (1) find this Court's "assessment of the constitutional claims debatable or wrong," or (2) find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). As a result, the Court denies any request for a certificate of appealability.

So ordered.

The Court will enter judgment accordingly.

Dated January 21, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge